UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WADE MEISBERGER and ERNEST TOPE, on behalf of themselves and on behalf of a class of those similarly situated, Plaintiffs, vs. J. DAVID DONAHUE, in his official capacity as Commissioner of the Indiana Department of Correction, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | 1:06-cv-1047-LJM-WTL |

## ORDER ON DEFENDANT'S
## SECOND MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on Defendant's, J. David Donahue ("the Commissioner"), Second Motion for Judgment on the Pleadings (Docket No. 37). Plaintiffs, Wade Meisberger ("Meisberger") and Ernest Tope ("Tope") (the plaintiffs collectively, "Prisoners"), initiated this lawsuit on behalf of themselves and a putative class of all others similarly situated seeking declaratory and injunctive relief from the implementation and enforcement of the Department of Correction's ("DOC's") Administrative Policy No. 02-01-103, Sections XIX(G) and (H) ("the Disputed Policy Provisions").[1] The Prisoners claim that Disputed Policy Provisions are unconstitutional because they violate the First Amendment to the United States Constitution. Pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), the Commissioner requests that the Court enter judgment in his favor because he contends that the Prisoner's Amended Complaint

---

[1] Counsel for the Prisoners recently informed the Court that Meisberger was released from prison on September 7, 2007. *See* Pls.' Notice to the Court (Docket No. 45). Nonetheless, as counsel correctly notes, this cause is not moot because Tope remains incarcerated and able to pursue this matter. *See Davis v. Ball Mem'l Hosp., Ass'n*, 753 F.2d 1410, 1416 (7th Cir. 1985).

fails to state a federal claim upon which relief can be granted. Specifically, the Commissioner asserts that the Disputed Policy Provisions are facially valid under the Constitution.

The parties have fully briefed this matter and it is ripe for ruling. For the reasons stated herein, the Commissioner's motion is **DENIED**.

## I. BACKGROUND

The DOC adopted an amended policy prohibiting prisoners from receiving or possessing a wide range of material. The effective date of the policy was July 1, 2006. Pursuant to Section XIX of Operational Procedure 02-01-103, prison staff may "may exclude any material that is contraband or prohibited property." Prohibited property consists of "[p]rinted matter which threatens the security of the facility or program." By way of example, Section XIX provides a list of eight categories of items that fit that definition. At issue in this suit are two of categories listed, specifically, subsections G and H.

Subsection G deals with materials or publications depicting graphic nudity. The term "nudity" is defined as "the human body in an unclothed state" and includes "the human body in a clothed state when it is possible to see through the clothing or when the clothing allows for the visual definition of human genitalia." The term "graphic nudity" is defined as any image or form of genitalia or female breasts. "Graphic nudity" is interpreted broadly and applies to photographs, paintings, drawings, digital images, carvings, sculptures, and moldings. Excluded from this category of prohibited items are "[p]rinted materials that contain nudity for educational, medical or anthropological purposes."

Subsection H deals with sexually explicit materials that pose "a threat to the security, good order or discipline of the facility or facilitates criminal activity." This category includes any printed material with printed, written, visual, or pictorial depictions of sexual conduct as that term is defined by Indiana criminal law. In addition, any printed matter that promotes or depicts sexual conduct or acts that are in violation of state or federal statutes is considered sexually explicit material and prohibited under the policy. Finally, subsection H states that printed material may not be excluded solely on the basis that it is obscene or pornographic unless it is obscene under Indiana law.

In addition, Section XIX requires written notification to an inmate when incoming mail has been confiscated. The inmate is given a choice about the disposition of the confiscated item. Further, an inmate from whom an item has been confiscated has the right to seek administrative review by filing a grievance and appealing the confiscation decision.

The Prisoners each filed a grievance challenging the Disputed Policy Provisions as being overly broad and in contravention of federal law. The Prisoners were upset that they have been required to cancel subscriptions to some of the periodicals that they had been receiving and they are fearful that they will be unable to continue receiving or reading other periodicals or published materials. Specifically, Meisberger would like to receive *Playboy*, *Hustler*, *National Geographic*, *Stuff*, and *FHM* magazines, among other items. Tope would like to be able to receive *Easyriders* magazine, *USA Today*, and *Prison Legal News*, as well as be able to continue reading books written by Jackie Collins. Both of the Prisoners' grievances were denied, as were their appeals to the final level of review.

## II.  STANDARD

When a party moves for judgment on the pleadings under Rule 12(c), the standard is the same as for a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003).  The Court may consider only the pleadings and must view the allegations in the light most favorable to the non-moving party.  *See id*.  The pleadings include the complaint, answer, and any documents attached thereto as exhibits.  *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).  Moreover, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc'd. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994).  The motion may be granted only if it appears beyond any doubt that the plaintiff cannot prove any facts consistent with the complaint that would support a claim for relief.  *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004).

## III.  DISCUSSION

Prisoner challenges to rules restricting the receipt of mail are analyzed under the four-factor test promulgated by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987), and discussed in *Thornburgh v. Abbott*, 490 U.S. 401 (1989).  Those four factors are:

1. whether the regulation has a valid, rational connection to a legitimate governmental objective;

2. whether there are alternative means for inmates to exercise the rights in question;

    3.      what impact an accommodation on the right in question will have on guards and other inmates, as well as the allocation of prison resources generally; and

    4.      whether there are ready alternatives to the regulation in question.

*See Thornburgh*, 490 U.S. at 414-18; *Turner*, 482 U.S. at 89-90.

As the Prisoners note, several appellate decisions have emphasized the need for the presentation of evidence so that the *Turner* factors can be evaluated. *See*, *e.g.*, *Beard v. Banks*, --- U.S. ---, 126 S. Ct. 2572, 2580-82 (2006); *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 639 (7th Cir. 2005); *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004); *Shimer v. Washington*, 100 F.3d 506, 509 (7th Cir. 1996). The Commissioner's response boils down to a reliance on decisions in other cases that have upheld prison regulations banning similar materials. The Commissioner asserts that the language of the Disputed Policy Provisions is similar to the language used in those other cases and therefore passes constitutional muster. *See*, *e.g.*, *Mauro v. Arpaio*, 188 F.3d 1054 (9th Cir. 199) (en banc); *Amatel v. Reno*, 156 F.3d 192 (D.C. Cir. 1998). The Court must disagree with the Commissioner.

The Court only needs to look at the excluded materials language of Subsection G to see that the instant provisions, though similar, has a crucial difference to those policies that have been upheld. By its own terms, the policy is to be broadly construed and it only excludes from its proscription items that contain nudity for "educational, medical or anthropological purposes." Clearly, the policy does not provide any exemption for works for an artistic or literary nature. Moreover, by its terms, the instant provisions do not permit prisoners correspondence that would fall within the definition of those materials that are prohibited. In comparison, the provision in *Mauro* banned photographs, drawings, and pictorials that depicted frontal nudity, and it did not ban letters

5

and articles. The provision in *Amatel* was similarly more narrow in that it explicitly permitted certain publications and literary materials. Because the policy in this case is facially broader than those policies that have been upheld (and therefore more restrictive of materials that a prisoner can possess or receive), a straightforward reliance on those cases is misplaced and will not demonstrate that the *Turner* factors have been met. The Commissioner will need to present something more, *i.e.*, evidence, to satisfy those factors and show, *inter alia*, that the Disputed Policy Provisions are not overly broad, that there is a rational connection between the policy and a governmental objective, and that there are no ready alternatives that be implemented.

With all respect, the Court is not persuaded to reach a different conclusion based on the decision of the Norther District of Indiana in *Hawes v. Donahue*, Cause No. 3:06-cv-042 RM, 2006 WL 2925562 (N.D. Ind. Oct. 10, 2006), to uphold the regulations in question. An important factor of note in that case is that the prisoner in *Hawes* failed to file any response to the defendant's motion for judgment on the pleadings. Therefore, because the court was presented with no arguments to counter those of the defendant, it had little choice but to agree with the defendant that the policy passed constitutional muster. *See Hawes*, 2006 WL 2925562, *1.

Unlike the prisoner in *Hawes*, here the Prisoners have presented an articulate response to the Commissioner's motion. Moreover, the Court has concluded that there are important differences between the language of the Disputed Policy Provisions and language used in regulations that have been upheld. In fact, the Court has some of the same concerns with the instant provisions that the district court in *Aiello v. Litscher*, 104 F. Supp. 2d 1068, 1080-82 (W.D. Wis. 2000), had with respect to the provisions under consideration in that case. Specifically, the Disputed Policy Provisions in effect may be an exaggerated response that sweeps too broadly and cannot be justified

by simple reference to the government's stated objectives. Accordingly, the Commissioner's request for judgment on the pleadings must be **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Defendant's, J. David Donahue, Second Motion for Judgment on the Pleadings (Docket No. 37) is **DENIED**.

IT IS SO ORDERED this 21st day of September, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Cynthia B. De Nardi
OFFICE OF THE INDIANA ATTORNEY GENERAL
cynthia.denardi@atg.in.gov

Thomas D. Quigley
OFFICE OF THE INDIANA ATTORNEY GENERAL
thomas.quigley@atg.in.gov