UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WADE MEISBERGER and ERNEST TOPE, ) <br> on behalf of themselves and on behalf of a class ) <br> of those similarly situated, ) <br>        Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> J. DAVID DONAHUE, in his official capacity ) <br> as Commissioner of the Indiana Department ) <br> of Correction, ) <br>        Defendant. ) | 1:06-cv-1047-LJM-WTL |

**ORDER ON AMENDED MOTION FOR CLASS CERTIFICATION**

This cause is before the Court on Plaintiffs', Wade Meisberger ("Meisberger") and Ernest Tope ("Tope") (the plaintiffs collectively, "Prisoners"), Amended Motion for Class Certification (Docket No. 33). The Prisoners have moved for class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) ("Rule 23"). The Prisoners seek both declaratory and injunctive relief from the implementation and enforcement of the Department of Correction's (the "DOC's") Administrative Policy No. 02-01-103, Sections XIX(G) and (H) ("the Disputed Policy Provisions"). They define the proposed class as "all prisoners confined to facilities operated by the [DOC] or which are otherwise subject to the [DOC's] Administrative Policy No. 02-01-103." For the reasons discussed herein, the Court **GRANTS** the Prisoners' motion.

**I. STANDARDS FOR CLASS CERTIFICATION**

Certification of a class is governed by Rule 23. The propriety of class certification does not depend on the outcome of the suit or on whether a party will prevail on the merits but whether the

requirements of Rule 23 are met. *See Eisen v. Carlisle*, 417 U.S. 156, 177-78 (1974); *Chavez v. Ill. State Police*, 251 F.3d 612, 620 (7th Cir. 2001). To show that class certification is justified in this case, the Prisoners must first satisfy the four requirements of Rule 23(a). *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997). The prerequisites in Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Once the Court determines that the Prisoners have satisfied these prerequisites, then the Court must determine whether they meet one or more of the requirements of Rule 23(b). *See Williams*, 204 F.3d at 760; *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Because the Prisoners seek certification pursuant to Rule 23(b)(2), they must demonstrate that defendant, J. David Donahue ("the Commissioner"), "has acted or refused to act on grounds generally applicable to the class" so that final injunctive or declaratory relief will be appropriate for the class as a whole. *See* Fed. R. Civ. P. 23(b)(2).

## II. DISCUSSION

### A. PRELIMINARY ISSUES

In order to facilitate a discussion of the circumstances in this case under Rule 23, the Court must first address certain issues raised by the Commissioner. Specifically, the Commissioner contends that the Prisoners lack standing to bring this suit, that the exhaustion requirement for

prisoner suits has not been satisfied, and that there will be problems with trying to implement the three-strike rule of the Prison Litigation Reform Act ("PLRA") against class members.

 The Commissioner first argues that the Prisoners lack standing because they have not alleged to have suffered an injury nor are they in jeopardy of facing a threat of injury in the future. The Commissioner accuses the Prisoners of presenting only hypothetical arguments against the Disputed Policy Provisions. The Commissioner's argument is not well-taken. This case presents a facial challenge; therefore, while relevant, any evidence of how the policy has been applied is not entirely dispositive. Moreover, the Prisoners have alleged actual injury and that they are at risk of being injured in the future if the policy is invalid. Specifically, the Prisoners assert that, prior to the effective date of the Disputed Policy Provisions, the DOC instructed prisoners to make preparations to dispose of all materials containing nudity and to cancel subscriptions to publications containing nude photographs. Am. Compl., ¶ 25. In addition, Meisberger contends that he has been forced to cancel subscriptions to magazines, and Tope contends that he would like to subscribe to certain publications but that he has been prevented from doing so. *Id.*, ¶¶ 27, 34. Finally, both individuals express concerns that they will be unable to continue viewing or receiving certain materials that are prohibited under the Disputed Policy Provisions. *Id.*, ¶¶ 28-31, 33-38. Based on these allegations, the Court concludes that the Prisoners have standing to challenge the Disputed Policy Provisions.

 The Commissioner next argues that the exhaustion requirement of the PLRA remains unsatisfied. The Commissioner contends that the Prisoners have failed to exhaust their administrative remedies because they made a pre-enforcement challenge to the provisions. Further, the Commissioner asserts that exhaustion has not been demonstrated for each individual class member. The Court finds these arguments equally unavailing. Both Meisberger and Tope filed

grievances related to the Disputed Policy Provisions and sought administrative review from the final reviewing authority. In Tope's case, he contends that the DOC failed to follow that policy by providing him with a timely response at the final level. Am. Compl., ¶¶ 41-42. In any event, it is clear that both men presented their grievances about the policy to DOC officials and that the DOC had the opportunity to review those complaints and respond. Am. Compl., Exs. 2-3. That the DOC chose not to address the concerns when it had the opportunity to do so is of no moment. *See Aiello v. Litscher*, 104 F. Supp. 2d 1068, 1074 (W.D. Wis. 2000) (rejecting argument that plaintiffs failed to satisfy exhaustion requirement where they filed their complaints before the challenged regulation was implemented).

The question remains whether each member of the proposed class must demonstrate that the exhaustion requirement has been satisfied. The Commissioner cites to no authority suggesting that this must be done. The Prisoners counter that the theory of "vicarious exhaustion" should apply. There are no cases from the Seventh Circuit discussing this theory, although several district courts and at least one circuit court have considered or sanctioned the use of this theory in prisoner class action suits where the representative or named plaintiffs can demonstrate that the exhaustion requirement has been met. *See Chandler v. Crosby*, 379 F.3d 1278, 1287-88 (11th Cir. 2004); *Flynn v. Doyle*, No. 06-C-537, 2007 WL 805788, *7-8 (E.D. Wis. Mar. 14, 2007); *Lewis v. Washington*, 265 F. Supp. 2d 939, 942 (N.D. Ill. 2003); *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, *7-8 (N.D. Ill. Oct. 19, 2001); *Jones 'El v. Berge*, 172 F. Supp. 2d 1128, 1133 (W.D. Wis. 2001); *Doe v. Cook County*, No. 99 C 3945, 1999 WL 1069244, *3 n. 5 (N.D. Ill. Nov. 22, 1999); *Hattie v. Hallock*, 8 F. Supp. 2d 685, 689, *opinion amended*, 16 F. Supp. 2d 834 (N.D. Ohio 1998). The Court agrees with those courts that the purpose of exhaustion has been satisfied when the named

plaintiff has presented the claim to prison officials and provided them with an opportunity to address it. The Court further agrees that it would be wasteful to require each and every prisoner to present the same claim to the DOC. Consistent with those courts, the Court concludes that the exhaustion requirement is not an impediment to proceeding with this matter as a class action.[1]

The Commissioner's final preliminary argument is that there will be problems with trying to implement the three-strike rule of the PLRA against class members. Like its argument on exhaustion, the Commissioner presents no citation to authority that an unnamed class member should receive a strike in this situation. The Court need not address this question. To put it simply, the question merely raises a practical problem but and creates no impediment to the issue of whether a class should be certified because it is irrelevant to that issue. Regardless, there is no reason to suspect that every proposed member of a class should obtain a strike. As the Seventh Circuit has advised, there is a distinction between a class representative and the unnamed class member, and if the latter desires to be heard as a party he or she can move to intervene. *See Kifer v. Ellsworth*, 346 F.3d 1155, 1156 (7th Cir. 2003).

### B. RULE 23(a) PREREQUISITES

The Court will now address Rule 23's requirements unimpeded. The Court concludes that the prerequisites of Rule 23(a) are easily met in this case.

---

[1] As a practical matter, the point seems largely academic to the Court anyway. So long as the DOC has had an opportunity to address the issue under the PLRA, either the policy passes constitutional muster or it does not. If it does not, then any declaratory and injunctive relief benefits the putative class anyway.

First, there is no dispute that the numerosity requirement under Rule 23(a)(1) has been satisfied. The Prisoners indicate that they believe that there are more than 20,000 prisoners housed within DOC facilities. Although the Commissioner denies that this is true in his Answer to the Amended Complaint, he has made no argument in opposition to the Prisoners' motion to certify on this basis. Therefore, the Court accepts the Prisoners' assertion for the purposes of this motion, which is more than adequate to satisfy the numerosity requirement because joinder is generally considered to be impractical when a class numbers at least forty members. *See Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969). Accordingly, the Court finds that Rule 23(a)(1) has been met for this case.

Similarly, the Court concludes that Rule 23(a)(2)'s commonality requirement has been satisfied. The commonality requirement does not require that every putative class member have every issue of fact and law in common. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Nonetheless, to satisfy this provision, the Prisoners must demonstrate that there is "'[a] common nucleus of operative fact.'" *Id.* (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied* 506 U.S. 1051 (1993)). A common nucleus of fact is typically found where defendants have engaged in standardized conduct toward members of the proposed class. *See id.* Here, there is no question that all putative class members are subject to the Disputed Policy Provisions. Thus, there is a question common to all members about whether those provisions pass constitutional muster. The Commissioner's argument to the contrary, *i.e.*, that commonality is not met because the contraband materials that each individual prisoner might possess varies from case to case, is unpersuasive. It is enough that the Prisoners have demonstrated that the same legal question about

the constitutionality of the Disputed Policy Provisions applies to all class members. The Court finds that they have and that Rule 23(a)(2) has been met.

The Court next considers whether Rule 23(a)(3)'s typicality requirement has been met. Typicality is closely related to the commonality inquiry. *See Keele*, 149 F.3d at 595 (citing *Rosario*, 963 F.2d at 1018). A claim "'is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (other citations omitted in original)). "[F]actual distinctions between the claims of the named class member[] and those of other class members" do not necessarily defeat a finding of typicality. *De La Fuente*, 713 F.2d at 233. The Court must focus on "'whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'" *Retired Chi. Police Ass'n*, 7 F.3d at 597 (quoting *De La Fuente*, 713 F.2d at 232)) (other citations omitted). Having already disposed of the Commissioner's arguments on exhaustion, the Court finds that the typicality requirement has been met in this case. All members of the class will benefit from a favorable judgment in the event that one is entered.

Pursuant to the final requirement of Rule 23(a), the Prisoners must demonstrate that they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement entails a two-party inquiry. *See Retired Chi. Police Ass'n*, 7 F.3d at 598. First, the Court must determine whether the Prisoners' chosen counsel can fairly represent the interests of the putative class. *See id.* Second, the Court must determine whether the named plaintiffs will protect the interests of the putative class members. *See id.* (citing *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (*en banc*)). In other words, the Prisoners cannot make claims that are antagonistic

to or in conflict with the claims of other class members. *See id.*; *Rosario*, 963 F.2d at 1018. The Commissioner has not made any argument with respect to Rule 23(a)(4), and the Court sees no reason not to find that the provision is met in this case. The Prisoners are represented by skilled counsel. Moreover, their claims are identical to the relief sought for the entire class and they have an interest in ensuring that this cause will be litigated. Therefore, the Court finds that the adequacy of representation requirement under Rule 23(a)(4) has been met.

### C. RULE 23(b)(2) REQUIREMENTS

Having found that all of the prerequisites of Rule 23(a) are satisfied, the Court must now determine whether the Prisoners can meet the requirements of Rule 23(b)(2). In order to do so, the Prisoners must demonstrate that the Commissioner "has acted or refused to act on grounds generally applicable to the class" so that final injunctive or declaratory relief will be appropriate for the class as a whole. *See* Fed. R. Civ. P. 23(b)(2).

The Commissioner attempts to challenge this requirement by arguing that, because the materials possessed by an individual inmate will vary from case to case and some materials may be acceptable, the Commissioner has not and will not act uniformly against all members of the class. The Court is unpersuaded by this argument as there is not serious debate that the Disputed Policy Provisions apply to all proposed members of the class and that materials deemed unacceptable will be confiscated. Moreover, while Administrative Policy No. 02-01-103 is silent as to the issue of discipline for those found in violation of the policy, the Court has no doubt that any inmate who is caught with prohibited materials could be subject to discipline for violation of facility rules. The Court concludes that this case fits the mold for which Rule 23(b)(2) was drafted. *See*, *e.g.*, A. Conte

& H. Newberg, *Newberg on Class Actions*, § 25.20 (4th ed. 2002) (noting that Rule 23(b)(2) was drafted to facilitate relief in civil rights suits where primarily declaratory and injunctive relief are sought). Therefore, the Court finds that Rule 23(b)(2) has been satisfied in this case.

### D. SUMMARY

The Prisoners have met all four of the prerequisites under Rule 23(a) for class certification. In addition, they have demonstrated that class certification is appropriate under Rule 23(b)(2). Accordingly, the Court **GRANTS** their requests for class certification and, pursuant to Rule 23(g), will appoint their counsel as class counsel.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Amended Motion for Class Certification (Docket No. 33) is **GRANTED**. The class shall consist of all prisoners confined to facilities operated by the Indiana Department of Correction or which are otherwise subject to Administrative Policy No. 02-01-103. The Court **APPOINTS** Ken Faulk of the ACLU of Indiana as counsel for the class.

IT IS SO ORDERED this 24th day of September, 2007.

```
                                       _____
                                       LARRY J. McKINNEY, CHIEF JUDGE
                                       United States District Court
                                       Southern District of Indiana
```

Distribution attached.

Electronically distributed to:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Cynthia B. De Nardi
OFFICE OF THE INDIANA ATTORNEY GENERAL
cynthia.denardi@atg.in.gov

Thomas D. Quigley
OFFICE OF THE INDIANA ATTORNEY GENERAL
thomas.quigley@atg.in.gov